Gregg S. Kleiner, STATE Bar No. 141311
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, California 94104
Telephone No.: 415-996-8180
Facsimile No.: 415-680-1712
Email: gkleiner@rinconlawllp.com

Counsel for KARI BOWYER,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re

SERGIO ROLDAN
*aka* SERGIO RAFAEL ROLDAN
AND
ADRIANA M BUENAVENTURA
*aka* ADRIANA MARIA LONDONO,

Debtors.

Case No. 17-50794 MEH
Chapter 7
Hon. M. Elaine Hammond

**TRUSTEE'S STATUS REPORT AND CASE UPDATE**

[No Hearing Requested]

**TO THE HONORABLE M. ELAINE HAMMOND, UNITED STATES BANKRUPTCY JUDGE:**

Kari Bowyer, the duly reappointed and acting Chapter 7 Trustee of the reopened bankruptcy estate of Sergio Roldan and Adriana Buenaventura (collectively, "Debtors") files this status report and case update. On January 3, 2018, the Bankruptcy Court entered its order reopening the Debtors' bankruptcy case (Docket 14). The Debtors' bankruptcy case was reopened to allow Ms. Bowyer to administer a previously undisclosed asset – a secured promissory note and judgment (the "Lien") encumbering real property commonly referred to as 1050 Ortega Drive, Gilroy, California ("Property").

/ / /

/ / /

The Property is owned by Bert Birmingham. Mr. Birmingham is a debtor is a pending Chapter 13 case, Case No. 16-53437 MEH ("Birmingham Case"). The Property appears to have equity in an amount sufficient enough to pay off the sums due and owing to the Debtors' estate.

After the Court reopened the Debtors' bankruptcy case, Ms., Bowyer's counsel worked with counsel for the Birmingham Case to try to facilitate a sale of Lien in order to pay off the roughly $210,000 owed to the Debtors' estate by Mr. Birmingham. Although a sale agreement was reached between the parties, Mr. Birmingham declined to execute the agreement by which he would acquire the estate's right, title and interest in the Lien.

Immediately thereafter, Mr. Birmingham filed a motion to modify his Chapter 13 plan to attempt to string out payments on his obligation to the Debtors' estate for roughly 48 months. Ms. Bowyer intends to file an objection to the modified Chapter 13 plan.

It appears that Ms. Bowyer will not reach an agreement with Mr. Birmingham to resolve the Lien. It is likely Ms. Bowyer will move forward with a non-judicial foreclosure of the Property. Ms. Bowyer believes that the Property, when sold, will result in a material distribution to creditors of the Debtors' bankruptcy estate. Ms. Bowyer submits that the Debtors' case should remain open to allow the Trustee to administer this previously undisclosed asset.

DATED: March 28, 2018        RINCON LAW LLP

By: */s/ Gregg S. Kleiner*
    GREGG S. KLEINER
    Counsel for KARI BOWYER,
    Trustee in Bankruptcy