```
TODD ROTHBARD #67351
ATTORNEY AT LAW
100 Saratoga Avenue #200
Santa Clara, California  95051
Tel.:  (408) 244-4200

Attorney for the Plaintiff
```



FILED
OCT 31 2018
Clerk of the Court
Superior Court of CA County of Santa Clara
BY_____ DEPUTY

SUPERIOR COURT - LIMITED CIVIL JURISDICTION

COUNTY OF SANTA CLARA, STATE OF CALIFORNIA

KARI BOWYER, as Chapter 7 Trustee for  )
the Estate of Sergio Roldan and        )
Adriana M. Buenaventura,               )   No. 18CV335413
                                       )
                    Plaintiff,         )   STIPULATION AND ORDER
                                       )
        vs.                            )
                                       )
BERT L. BIRMINGHAM, LORETTA L.         )
BIRMINGHAM, DOES I through V, inclusive,)
                    Defendants.        )

  IT IS HEREBY STIPULATED AND AGREED, by and between plaintiff KARI BOWYER, as Chapter 7 Trustee for the Estate of Sergio Roldan and Adriana M. Buenaventura and defendants BERT L. BIRMINGHAM and LORETTA L. BIRMINGHAM that:

  1.  The parties have entered into an "Agreement to Settle Dispute Regarding Lien and Judgment", a copy of which is attached hereto, marked "EXHIBIT A", incorporated by reference herein, and made a part hereof.

  2.  Upon the completion of performance by defendants and Jeffrey Whalen pursuant to said Agreement, and upon written demand to plaintiff's attorney by defendants or their attorney, plaintiff will file a dismissal of this action, with prejudice, with each party to bear its own attorney's fees and costs herein.

  3.  If there is any failure of performance by defendants or
1


**EXHIBIT A**

Case: 17-50794    Doc# 31-2    Filed: 11/02/18    Entered: 11/02/18 13:05:40    Page 1 of 20

Jeffrey Whalen with respect to the obligations arising pursuant to said agreement, and should such failure continue following any applicable grace period set forth in said Agreement, plaintiff shall be entitled to immediate judgment for the full relief set forth in the complaint, including restitution of possession of the premises, unlawful detainer damages, and costs of suit. Plaintiff may obtain said judgment by ex parte application to the Court, coupled with a declaration under penalty of perjury setting forth the facts constituting the failure of performance of the requirements of EXHIBIT A hereto. Before seeking to obtain said judgment, plaintiff's attorney shall give notice by telephone and email to defendant's attorney (Mr. Michael Rooney; tel.: 415-533-0282; email address: mike@mikerooneylaw.com) of plaintiff's intention to so proceed. If plaintiff obtains judgment herein as set forth above, defendants waive any right they might otherwise have to contest, appeal, or seek to set aside said judgment, waive any right they might otherwise have to seek any form of stay of execution, either pursuant to Code of Civil Procedure sections 918, 1176, or otherwise, waive any right they might otherwise have to seek any form of relief from forfeiture, either pursuant to Civil Code section 3275, Code of Civil Procedure sections 1174, 1179, or otherwise, and waive any right they might otherwise have to seek any form of relief from default, either pursuant to Code of Civil Procedure sections 473, 473.5, or otherwise. If plaintiff obtains judgment, defendants will remove all items of personal property from the subject premises before the date of completion of the eviction by the sheriff; any items of personal property remaining in the premises at the time of completion of the eviction may be disposed of by plaintiff without liability and

2

**EXHIBIT A**

without need for resort to the procedures set forth in Civil Code sections 1980, et. seq.

4. Subject to the grace periods set forth in EXHIBIT A hereto, time is of the essence with respect to the provisions of this STIPULATION and of EXHIBIT A hereto. This provision shall be interpreted in its strictest sense, with any failure to perform any requirement set forth herein on or in EXHIBIT A hereto before the date upon which performance is due (as extended by any applicable grace period set forth in EXHIBIT A hereto) even if performance is late by only a single day, resulting in the relief upon default set forth above without regard to the relative hardship to the parties.

5. Each of the terms and conditions set forth herein and in EXHIBIT A hereto is a material part of the consideration for the execution of this STIPULATION and of EXHIBIT A hereto. Strict performance of each and every term and condition set forth herein and in EXHIBIT A hereto is required. The failure to perform in strict compliance with each and every condition set forth herein and in EXHIBIT A hereto shall be deemed a material breach of this STIPULATION entitling plaintiff to the relief upon default set forth above.

6. This STIPULATION together with EXHIBIT A hereto sets forth the entire agreement between the parties with respect to the matters addressed herein. Neither this STIPULATION nor EXHIBIT A hereto shall be altered or modified unless such alteration or modification is in writing and signed by all signatories to this STIPULATION and to EXHIBIT A hereto.

7. A fax or email copy of this STIPULATION and of EXHIBIT A hereto, bearing the faxed or emailed signatures of all signatories hereto, may be used for all purposes in lieu of an

Todd Rothbard
Attorney at Law
100 Saratoga Avenue
Suite 200
Santa Clara, California 95051

 

**EXHIBIT A**

original. This STIPULATION and EXHIBIT A hereto may be executed in counterparts, with the sum of the counterparts, whether executed by fax, email, or otherwise, being the equivalent in legal contemplation of one fully executed original.

DATED: 10/31/18

_____
KARI BOWYER, as Chapter 7 trustee for the Estate of Sergio Roldan and Adriana M. Buenaventura
Plaintiff

DATED: 10/31/18

_____
TODD ROTHBARD
Attorney for Plaintiff

DATED:

_____
BERT L. BIRMINGHAM
Defendant

DATED:

_____
LORETTA L. BIRMINGHAM
Defendant

DATED:

_____
MICHAEL ROONEY
Attorney for Defendants

Multiple Signature pages provided.

**ORDER**

The Court having read and reviewed the foregoing STIPULATION of the parties, and good cause appearing therefor,

IT IS SO ORDERED.

DATED: 10-31-18

_____
JUDGE OF THE SUPERIOR COURT
Judge Carol Overton

Todd Rothbard
Attorney at Law
100 Saratoga Avenue
Suite 200
Santa Clara, California 95051

4

**EXHIBIT A**

Case: 17-50794    Doc# 31-2    Filed: 11/02/18    Entered: 11/02/18 13:05:40    Page 4 of 20

original. This STIPULATION and EXHIBIT A hereto may be executed in counterparts, with the sum of the counterparts, whether executed by fax, email, or otherwise, being the equivalent in legal contemplation of one fully executed original.

DATED: _____

KARI BOWYER, as Chapter 7 trustee for the Estate of Sergio Roldan and Adriana M. Buenaventura
Plaintiff

DATED: _____

TODD ROTHBARD
Attorney for Plaintiff

DATED: 10-31-18

*(signed)* BERT L. BIRMINGHAM
Defendant

DATED: 10-31-18

*(signed)* LORETTA L. BIRMINGHAM
Defendant

DATED: 10/31/18

*(signed)* MICHAEL ROONEY
Attorney for Defendants

ORDER

The Court having read and reviewed the foregoing STIPULATION of the parties, and good cause appearing therefor,

IT IS SO ORDERED.

DATED: _____

JUDGE OF THE SUPERIOR COURT

Todd Rothbard
Attorney at Law
100 Saratoga Avenue
Suite 200
ta Clara, California 95051

4

**EXHIBIT A**

# EXHIBIT A

**EXHIBIT A**

## AGREEMENT TO SETTLE DISPUTES

This Agreement to Settle Disputes ("Agreement") is made this 30th day of October 2018 by and between: (i) Kari Bowyer, solely in her capacity as the duly reappointed and acting Chapter 7 Trustee ("Trustee") for the reopened bankruptcy estate of Sergio Roldan and Adriana M. Buenaventura (collectively, "Roldan Case" or "Debtors"), Case No. 17-50794 MEH, pending before the United States Bankruptcy Court for the Northern District of California, San Jose Division ("Bankruptcy Court"); (ii) Jeffrey Whalen ("Whalen"); (iii) Bert and Loretta Birmingham (together, "Birmingham", and collectively with Whalen, the "Defendants"); and (iv) Rossi, Hamerslough, Reischl & Chuck ("RHRC"). The Trustee, Birmingham, Whalen and RHRC are each a "Party" and collectively the "Parties."

## RECITALS

A. The Debtors filed a Voluntary Petition on April 3, 2017 (the "Petition Date") commencing the Roland Case. Soon thereafter, the Trustee was appointed to administer the Debtors' estate. On May 3, 2017, the Trustee filed a no asset report with the Bankruptcy Court. On July 6, 2017, the Bankruptcy Court closed the Debtors' case.

B. On January 3, 2018, the Office of the United States Trustee filed a motion to reopen the Debtors' Case. The Roldan Case was reopened on January 3, 2018 and the Trustee was re-appointed as the Chapter 7 Trustee of the Debtors' case.

C. The Debtors' case was reopened because, as asserted in the motion to reopen the case filed by the Office of the United States Trustee, the Debtors had failed to include among their scheduled assets their interest in an obligation owned by the Debtors and secured by a Deed of Trust executed by Birmingham on or about December 21, 2006 ("Obligation"). The Obligationis secured by a deed of trust recorded with the Santa Clara County Recorder's Office on March 22, 2007, as Instrument No. 19352696 ("DOT") encumbering real property commonly referred to as 1050 Ortega Circle, Gilroy, California 95020 ("Property"). Neither the Debtors nor the Trustee have possession of any note memorializing the Obligation.

D. At the time that the Debtors' case was reopened, the Obligationand DOTwere the subject of litigation, entitled *Bank of America, N.A. v. Sergio Roldan, et al.*, Case No. 17CV313114, pending before the Santa Clara County Superior Court (the "Litigation"). Through the Litigation, Bank of America ("Bank") seeks, among other things, to quiet title in the Property by asserting that the Bank's lien is *senior* in priority to the DOT. Among other things, the Trustee understands that the Litigation sought to prevent the Debtors from completing a scheduled foreclosure of the DOT. To that end, the Bank and Birmingham sought and obtained a temporary restraining order in December 2017 ("TRO"). On June 8, 2018, Superior Court entered an order dissolving the TRO.

E. On June 15, 2018, a non-judicial foreclosure sale of the Property was conducted ("Foreclosure"). Other than a $50,000 credit bid, no other offers were made at Foreclosure sale. The Debtors' estate was the successful bidder at the Foreclosure. On September 12, 2018, a Trustee Deed was recorded with the Santa Clara County Recorder's Office, as Instrument No. 24022397 ("Trustee Deed").

1



**EXHIBIT A**

F. Prior to the Debtors' case being reopened, the Debtors were represented in the Litigation by RHRC. The Trustee is informed and believes that prior to the Petition Date, the Obligation and DOT were subject to contentious state court litigation, which ultimately validated the ability of the Debtors to enforce the Obligation and DOT (" DOT Litigation"). As a result of the DOT Litigation, RHRC, which asserts an attorney's lien relative to the DOT Litigation and the Litigation, was awarded a judgment for fees and costs on November 3, 2016 in the amount of $69,317.39. The RHRC fee award accrues interest at 10% per annum. As of the date that the Debtors' case was reopened, RHRC asserts that its fees and costs exceed $100,000. As of the date of this Agreement, RHRC asserts that it is owed in excess of $110,000 in fees and costs. RHRC asserts that its rights are superior to any rights of the Trustee, are secured by the DOT, and are enforceable irrespective of the outcome of the Litigation. The Trustee disputes this assertion by RHRC.

G. According to a trustee's sale guaranty, the Property is encumbered by, among other obligations, (i) the Note and DOT, and (ii) a deed of trust securing a promissory note in favor of the Bank in the original principal amount of approximately $425,190 ("BofA Lien").

H. On September 25, 2018, the Trustee, through her special counsel the Law Office Todd Rothbard, filed an unlawful detainer complaint for possession of the Property entitled *Bowyer v. Birmingham, et al*, in the Santa Clara Superior Court, Case Number 18CV335413 ("UD Complaint"). Birmingham filed an answer to the UD Complaint. A trial is set on the UD Complaint for October 31, 2018.

I. The Defendants assert, among other things, that the Foreclosure must be set aside as it was conducted in violation of multiple provisions of California Civil Code Section §2924 (including §2924(i)), that the Debtors' demand for payment set forth in the Notice of Default and Notice of Sale was overstated and that the Foreclosure may be void ("Defendants' Foreclosure Allegations").

J. The Parties now seek to resolve all their disputes arising out of, connected with, based upon, related to, or associated with, the Property, the Obligation, the DOT, the Trustee Deed, the Litigation, the DOT Litigation, the Foreclosure, Defendants' Foreclosure Allegations and the UD Complaint as provided for in this Agreement.

AGREEMENT

NOW, THEREFORE, based on the premises and mutual promises contained herein, the Parties agree as follows:

1. The foregoing Recital paragraphs are incorporated herein by reference.

2. This Agreement is subject to Bankruptcy Court approval in the Roldan Case, which the Trustee will promptly seek to obtain.

3. Provided the Defendants timely and fully comply with the provisions of this Agreement, and subject to and conditioned upon:

2



**EXHIBIT A**

(i) the Defendants' delivery to the Trustee of $160,000 ("Purchase Price") as set forth in paragraph 4 of this Agreement;

(ii) the Defendants' paying, by no later than November 1, 2018, all arrears, including, but not limited to, principal, interest, real estate taxes, real estate insurance, late fees and all other outstanding fees, owed to the Bank under the BofA Lien through October 31, 2018 or owed to the County or any other individual or entity entitled to payment of the foregoing ("Bank Arrears") as stated in the October16, 2018 billing statement totaling $10,517.80;

(iii) the Defendants' paying, by no later than the grace period provided by the BofA note, , all sums due to the Bank under the BofA Lien or owed to the County or any other individual or entity entitled to payment of the foregoing, including, but not limited to, principal, interest, real estate taxes, real estate insurance, late fees and all other outstanding fees for the months of November 2018, December 2018, January 2019 and February 2019 ("Monthly Bank Fees");

(iv) Birmingham naming the Trustee as the loss payee on all insurance policies that cover the Property and providing the Trustee and RHRC a copy of the insurance binder that provides she is the loss payee of the insurance by November 1, 2018 ("Insurance Binder"); and

(v) The Defendant's execution of the Stipulation and Order in the UD Compliant attached as Exhibit 1 to this Agreement;

the Trustee shall (a) convey to Birmingham all of the Debtors' right, title and interest in and to the Note and the DOT, (b) sign paperwork prepared by or on behalf of Birmingham or Whalen necessary to set aside the Notice of Default, Notice of Trustee's Sale, and Trustee Deed (assuming the same can be accomplished), and (c) execute a stipulation to dismiss the UD Complaint and permanently seal the file, with each side bearing its own costs and attorney's fees for these specific actions.

4. The Purchase Price shall be delivered to the Trustee so it is actually received by her as follows: (i) a $10,000 *non-refundable* deposit ("Deposit") by no later than November 1, 2018; and (ii) the balance of the Purchase Price, $150,000, by no later than February 12, 2018. All payments must be delivered by wire transfer. Wire transfer instructions have been separately delivered to the Defendants' counsel. There is a grace period of 2 pm., February 21, 2018 for payment of the balance of the Purchase Price, $150,000. There is no grace period for payment of any portion of the Bank Arrears. The Monthly Bank Fees shall be paid on those terms set forth in the Bank's Note which the Parties recognize contains a grace period. In no event, however, shall payment of the Monthly Bank Fees be made by Birmingham after this grace period. Any such payment beyond the grace period shall be an event of Default under this Agreement.

5. By no later than 12:00 noon, November 2, 2018, the Defendants shall provide to Trustee, Trustee's counsel and RHRC (i) a copy of the Insurance Binder and (ii) evidence that they have paid all Bank Arrears and that Birmingham is current, as of November 1, 2018, on all sums due to the Bank, the County, or any other third party entitled to payment pursuant to this Agreement with regard to the Property. The failure of the Defendants to timely (a) pay to the Bank the Bank Arrears, (b) provide proof of payment of the Bank Arrears, (c) pay to the Trustee any portion of the Purchase Price, or make any other payment required pursuant to the terms of



3

**EXHIBIT A**

Case: 17-50794   Doc# 31-2   Filed: 11/02/18   Entered: 11/02/18 13:05:40   Page 9 of 20

this Agreement or deliver the PO Insurance shall be an event of default under this Agreement. Evidence of the foregoing shall be sent by email to: trusteebowyer@gmail.com, gkleiner@rinconlawllp.com, and dave@rhrc.net.

6. By no later than 4:00 p.m. PT, on: November 12, 2018; December 11, 2018; January 11, 2019; and February 11, 2019, the Defendants shall provide to Trustee, Trustee's counsel and RHRC evidence that they have paid, in full, the Monthly Bank Fees, and that that are current, for that respective month, on all sums due to the Bank, the County, or any other third party entitled to payment pursuant to this Agreement with regard to the Property. The failure of the Defendants to timely deliver the Monthly Bank Fees by the dates set forth in this paragraph shall be an event of default under this Agreement. Proof of making the foregoing payments shall be sent by email to: trusteebowyer@gmail.com, gkleiner@rinconlawllp.com, and dave@rhrc.net.

7. If this Agreement is not approved by the Bankruptcy Court because of any default, action or inaction on the part of the Defendants, the Defendants shall forfeit, all sums paid to the Trustee under this Agreement and it shall be an event of default under this Agreement. Except as provided in the prior sentence, in the event that the Bankruptcy Court does not authorize the Trustee to enter into this Agreement, all portions of the Purchase Price actually received by the Trustee will be promptly refunded.

8. In the event that that the Defendants default under any of the provisions of this Agreement, the provision of the Stipulation and Order attached as Exhibit 1 to this Agreement (that will be filed in the Santa Clara Superior Court where the UD Complaint is pending) shall control.

9. Other than: (i) the delivery to the Defendants of the Bankruptcy Court order approving this Agreement; (ii) the delivery to the Defendants of a recordable copy of the assignment of the DOT; (iii) entering into a stipulation to dismiss the UD Complaint and permanently seal the file, each side to bear its own costs and attorney's fees for these specific actions; and (iv) signing paperwork prepared by or on behalf of Birmingham or Whalen necessary to set aside the Notice of Default, Notice of Trustee's Sale, and Trustee Deed (assuming the same can be accomplished), neither the Trustee nor RHRC shall have any further duties or obligations to the Defendants. Whalen or Birmingham shall, at their expense, prepare all necessary paperwork and take all actions to set aside the Notice of Default, Notice of Trustee's Sale, and the Trustee's Deed. Trustee and RHRC assume no liability or responsibility for taking any action to accomplish the setting aside of the Notice of Default, Notice of Trustee's Sale, and the Trustee's Deed and make no representation or warranty that these actions can be accomplished. All costs, expenses, and attorney's fees, associated with these actions, including any title insurance or escrow expenses, shall be the responsibility of Birmingham or Whalen and not the Trustee or RHRC. The Trustee and RHRC shall have no liability to Birmingham or Whalen in the event that the Notice of Default, Notice of Trustee's Sale, and the Trustee's Deed cannot be set aside and shall further have no liability for any liens, interests, encumbrances, obligations, claims, demands that may be recorded against the property before or after the Foreclosure, or that may exist as a result of the Foreclosure, or as a result of any events occurring before or after the Foreclosure. The Trustee and RHRC make no representation or warranty that Birmingham or Whalen's credit score or credit status will not have been already adversely impacted by the Foreclosure, that it will not remain adversely impacted even if the Notice of

4

Default, Notice of Trustee's Sale, and the Trustee's Deed cannot be set aside, and shall have no liability to Birmingham or Whalen arising out of or relating to their respective credit score or status.

10. From the Purchase Price, RHRC agrees to accept the sum of $105,000 in full and complete satisfaction of any and all claims it has or could assert against the Defendants, the Debtors' estate, the Trustee, the Note and the DOT ("RHRC Payment"). As part of the Trustee's motion to seek approval to enter into this Agreement, the Trustee shall seek Bankruptcy Court authority to deliver the RHRC Payment ten (10) calendar days after the later of (i) entry of a Final Order approving this Agreement or (ii) Trustee's receipt of the entire Purchase Price. For purposes of this Agreement, a "Final Order" shall mean a final, non-appealable order approving this Agreement.

11. The Defendants agree and acknowledge that they are acquiring the Property, the Note and DOT: (i) "as is, where is," with no representations or warranties whatsoever; (ii) that all representations and warranties are expressly disclaimed; and (iii) subject to all liens, claims and interests and encumbrances.

12. Except for the duties and obligations of the Parties set forth in this Agreement, the Trustee on behalf of the Debtors' estate and RHRC each freely, voluntarily release and further discharge Birmingham and Whalen (collectively the "Defendant Releasees"), from and against any and all claims, allegations, demands, liabilities, actions, causes of actions, suits, obligations, losses, costs, expenses, debts, contracts, controversies, agreements, promises, damages, demands and liabilities whatsoever which RHRC, the Trustee or the Debtors' estate may have had, now has, or hereafter may have (whether known or unknown, fixed or contingent) against the Defendant Releasees including but not limited to any claims or liabilities arising out of, connected with, based upon, related to, or associated with, the Property, the Obligation, the DOT, the Trustee Deed, the Litigation, the DOT Litigation, the Foreclosure, Defendants' Foreclosure Allegations and the UD Complaint as provided for in this Agreement.

13. Except for the duties and obligations of the Parties set forth in this Agreement,, Birmingham and the Whalen each freely and voluntarily release and further discharge the Trustee, the Debtors' estate, and RHRC, each of their respective successors, assigns, predecessors, agents, attorneys, accountants and insurers (the collectively, "Trustee Releasees"), from and against any and all claims, allegations, demands, liabilities, actions, causes of actions, suits, obligations, losses, costs, expenses, debts, contracts, controversies, agreements, promises, damages, demands and liabilities whatsoever which any of them may have had, now has, or hereafter may have (whether known or unknown, fixed or contingent) against the Trustee Releasees arising out of, connected with, based upon, related to, or associated with, the Property, the Obligation, the DOT, the Trustee Deed, the Litigation, the DOT Litigation, the Foreclosure, Defendants' Foreclosure Allegations and the UD Complaint as provided for in this Agreement.

14. Each Party has read and understands the contents of section 1542 of the Civil Code of the State of California, and any similar provision of another jurisdiction that might be applicable, and, to the extent of the releases provided herein, the Trustee, RHRC, Birmingham and Whalen, each hereby expressly waive that section (or similar provision of another jurisdiction that might exist) and the benefits thereof. Section 1542 reads as follows:

5

**EXHIBIT A**

Case: 17-50794   Doc# 31-2   Filed: 11/02/18   Entered: 11/02/18 13:05:40   Page 11 of 20

> A general release does not extend to claims which the creditor
> does not know or suspect to exist in his or her favor at the time
> of executing the release, which if known by him or her must
> have materially affected his or her settlement with the debtor.

It is further understood by the Parties that the facts with respect to which these releases, acquittals, discharges and waivers are hereby given may turn out to be other than, or different from, the facts now believed by the Parties to be true. Each of the Parties, therefore, expressly assumes the risk of the facts turning out to be different than they believe them to be, and agrees that the foregoing releases, acquittals, discharges and waivers shall in all respects be effective and not subject to termination or rescission because of any such mistaken belief.

15. Each person signing this Agreement represents and warrants that he/she/it has been duly authorized and has the requisite authority to execute and deliver this Agreement on behalf of such party and bind their respective Party(ies) to the terms and conditions of this Agreement. This Agreement shall be binding upon the Parties thereto, their successors and assigns.

16. The Parties agree that the Bankruptcy Court shall have exclusive jurisdiction over any dispute arising out of this Agreement, and, if necessary to effect the Bankruptcy Court's jurisdiction, by their signature to this Agreement, hereby stipulate to an order providing for such jurisdiction, except for any dispute arising out of (1) the Stipulation and Order attached as Exhibit 1 to this Agreement or (2) the attempt to set aside the Notice of Default, Notice of Trustee's Sale, and Trustee Deed (assuming the same can be accomplished), which shall be under the Jurisdiction of the Santa Clara County Superior Court.

17. Neither this Agreement, nor any provision within it, shall be construed against any Party or its attorney because it was drafted in full or in part by such Party or its attorney. The Agreement shall be accordingly construed equally against all Parties. In this regard, the Parties waive any and all benefits and rights he, she, it, or they may have under California Civil Code § 1654, which provides as follows:

IN CASES OF UNCERTAINTY NOT REMOVED BY THE PRECEDING RULES, THE LANGUAGE OF A CONTRACT SHOULD BE INTERPRETED MOST STRONGLY AGAINST THE PARTY WHO CAUSED THE UNCERTAINTY TO EXIST.

18. This Agreement contains the sole and entire agreement and understanding of the Parties with respect to the matters described herein, and any and all prior and contemporaneous agreements, representations, discussions, negotiations, commitments, and understandings are merged into and superseded by this Agreement. No representations, verbal or otherwise, express or implied, other than those written and contained herein have been made or relied upon by any of the Parties.

19. Other than as provided for in this Agreement, the Parties to this Agreement shall bear their own costs and attorney fees related to negotiation and drafting of this Agreement. In the event of any breach of this Agreement, the non-breaching party shall be entitled to, in addition to any other amounts due or rights granted under this Agreement, an award of all

6

reasonable costs and attorney fees incurred in pursuing the enforcement, appeal and/or collection of this Agreement.

20. The Agreement may not be modified except by a writing signed by all Parties, with specific written reference to this Agreement, and with approval of the Bankruptcy Court.

21. This Agreement shall be construed under the laws of the State of California, except to the extent it is controlled by the federal bankruptcy laws.

22. In no event shall the Defendants be responsible or liable for any failure or delay in the performance of their obligations hereunder arising out of or caused by, directly or indirectly, forces beyond their control, including, without limitation, strikes, work stoppages, accidents, acts of war or terrorism, civil or military disturbances, nuclear or natural catastrophes or acts of God, and interruptions, regional or national (not personal) loss or malfunctions of utilities, regional or national (not personal) communications or computer (software and hardware) services; it being understood that the Defendants shall use their efforts to resume performance as soon as practicable under the circumstances.

**BALANCE OF PAGE LEFT INTENTIONALLY BLANK**

7

**EXHIBIT A**

Case: 17-50794   Doc# 31-2   Filed: 11/02/18   Entered: 11/02/18 13:05:40   Page 13 of 20

23. This Agreement may be executed in counterparts, and the signature pages of such counterparts may be collected. A copy of this Agreement with all collected counterparts and signature pages shall have the full force and effect of an original. A scanned image of a signature or a signature delivered by facsimile shall be effective as an original "wet ink" signature.

DATED: October ___, 2018

~~JEFFREY WHALEN~~

DATED: October 31, 2018

*Bert L Birmingham*
BERT BIRMINGHAM

DATED: October 31, 2018

*Loretta Birmingham*
LORETTA BIRMINGHAM

DATED: October 30, 2018  THE ESTATE OF SERGIO ROLDAN
AND ADRIANA M. BUENAVENTURA
CASE NO. 17-50794 MEH

By: _____
KARI BOWYER, Chapter 7 Trustee

DATED: October 30, 2018  ROSSI, HAMERSLOUGH, REISCHL & CHUCK

By: *D. Hamerslough*
DAVID M. HAMERSLOUGH

Approved as to Form and Content:

MICHAEL ROONEY LAW OFFICE, P.C.

By: _____
Michael Patrick Rooney, Attorneys for
Bert Birmingham, Loretta Birmingham and
Jeffrey Whalen

8

**EXHIBIT A**

# EXHIBIT 1

**EXHIBIT A**

Case: 17-50794    Doc# 31-2    Filed: 11/02/18    Entered: 11/02/18 13:05:40    Page 15 of 20

```
TODD ROTHBARD #67351
ATTORNEY AT LAW
100 Saratoga Avenue #200
Santa Clara, California  95051
Tel.:  (408) 244-4200

Attorney for the Plaintiff
```

SUPERIOR COURT - LIMITED CIVIL JURISDICTION

COUNTY OF SANTA CLARA, STATE OF CALIFORNIA

| | |
|---|---|
| KARI BOWYER, as Chapter 7 Trustee for the Estate of Sergio Roldan and Adriana M. Buenaventura,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　vs.<br><br>BERT L. BIRMINGHAM, LORETTA L. BIRMINGHAM, DOES I through V, inclusive,<br>　　　　　　　　　Defendants. | No. 18CV335413<br><br>STIPULATION AND ORDER |

　　　　IT IS HEREBY STIPULATED AND AGREED, by and between plaintiff KARI BOWYER, as Chapter 7 Trustee for the Estate of Sergio Roldan and Adriana M. Buenaventura and defendants BERT L. BIRMINGHAM and LORETTA L. BIRMINGHAM that:

　　　　1.　　The parties have entered into an "Agreement to Settle Dispute Regarding Lien and Judgment", a copy of which is attached hereto, marked "EXHIBIT A", incorporated by reference herein, and made a part hereof.

　　　　2.　　Upon the completion of performance by defendants and Jeffrey Whalen pursuant to said Agreement, and upon written demand to plaintiff's attorney by defendants or their attorney, plaintiff will file a dismissal of this action, with prejudice, with each party to bear its own attorney's fees and costs herein.

　　　　3.　　If there is any failure of performance by defendants or

1

 

Todd Rothbard
Attorney at Law
100 Saratoga Avenue
Suite 200
Santa Clara, California 95051

**EXHIBIT A**

Jeffrey Whalen with respect to the obligations arising pursuant to said agreement, and should such failure continue following any applicable grace period set forth in said Agreement, plaintiff shall be entitled to immediate judgment for the full relief set forth in the complaint, including restitution of possession of the premises, unlawful detainer damages, and costs of suit. Plaintiff may obtain said judgment by ex parte application to the Court, coupled with a declaration under penalty of perjury setting forth the facts constituting the failure of performance of the requirements of EXHIBIT A hereto. Before seeking to obtain said judgment, plaintiff's attorney shall give notice by telephone and email to defendant's attorney (Mr. Michael Rooney; tel.: 415-533-0282; email address: mike@mikerooneylaw.com) of plaintiff's intention to so proceed. If plaintiff obtains judgment herein as set forth above, defendants waive any right they might otherwise have to contest, appeal, or seek to set aside said judgment, waive any right they might otherwise have to seek any form of stay of execution, either pursuant to Code of Civil Procedure sections 918, 1176, or otherwise, waive any right they might otherwise have to seek any form of relief from forfeiture, either pursuant to Civil Code section 3275, Code of Civil Procedure sections 1174, 1179, or otherwise, and waive any right they might otherwise have to seek any form of relief from default, either pursuant to Code of Civil Procedure sections 473, 473.5, or otherwise. If plaintiff obtains judgment, defendants will remove all items of personal property from the subject premises before the date of completion of the eviction by the sheriff; any items of personal property remaining in the premises at the time of completion of the eviction may be disposed of by plaintiff without liability and

Todd Rothbard
Attorney at Law
100 Saratoga Avenue
Suite 200
Santa Clara, California 95051

2



**EXHIBIT A**

without need for resort to the procedures set forth in Civil Code sections 1980, et. seq.

4. Subject to the grace periods set forth in EXHIBIT A hereto, time is of the essence with respect to the provisions of this STIPULATION and of EXHIBIT A hereto. This provision shall be interpreted in its strictest sense, with any failure to perform any requirement set forth herein on or in EXHIBIT A hereto before the date upon which performance is due (as extended by any applicable grace period set forth in EXHIBIT A hereto) even if performance is late by only a single day, resulting in the relief upon default set forth above without regard to the relative hardship to the parties.

5. Each of the terms and conditions set forth herein and in EXHIBIT A hereto is a material part of the consideration for the execution of this STIPULATION and of EXHIBIT A hereto. Strict performance of each and every term and condition set forth herein and in EXHIBIT A hereto is required. The failure to perform in strict compliance with each and every condition set forth herein and in EXHIBIT A hereto shall be deemed a material breach of this STIPULATION entitling plaintiff to the relief upon default set forth above.

6. This STIPULATION together with EXHIBIT A hereto sets forth the entire agreement between the parties with respect to the matters addressed herein. Neither this STIPULATION nor EXHIBIT A hereto shall be altered or modified unless such alteration or modification is in writing and signed by all signatories to this STIPULATION and to EXHIBIT A hereto.

7. A fax or email copy of this STIPULATION and of EXHIBIT A hereto, bearing the faxed or emailed signatures of all signatories hereto, may be used for all purposes in lieu of an

Todd Rothbard
Attorney at Law
100 Saratoga Avenue
Suite 200
Santa Clara, California 95051

3



**EXHIBIT A**

original. This STIPULATION and EXHIBIT A hereto may be executed in counterparts, with the sum of the counterparts, whether executed by fax, email, or otherwise, being the equivalent in legal contemplation of one fully executed original.

DATED: 10/31/18

_____
KARI BOWYER, as Chapter 7 trustee for the Estate of Sergio Roldan and Adriana M. Buenaventura
Plaintiff

DATED: 10/31/18

_____
TODD ROTHBARD
Attorney for Plaintiff

DATED:

_____
BERT L. BIRMINGHAM
Defendant

DATED:

_____
LORETTA L. BIRMINGHAM
Defendant

DATED:

_____
MICHAEL ROONEY
Attorney for Defendants

ORDER

The Court having read and reviewed the foregoing STIPULATION of the parties, and good cause appearing therefor,

IT IS SO ORDERED.

DATED:

_____
JUDGE OF THE SUPERIOR COURT

Todd Rothbard
Attorney at Law
100 Saratoga Avenue
Suite 200
Santa Clara, California 95051

4

**EXHIBIT A**

original. This STIPULATION and EXHIBIT A hereto may be executed in counterparts, with the sum of the counterparts, whether executed by fax, email, or otherwise, being the equivalent in legal contemplation of one fully executed original.

DATED: _____

KARI BOWYER, as Chapter 7 trustee for the Estate of Sergio Roldan and Adriana M. Buenaventura
Plaintiff

DATED: _____

TODD ROTHBARD
Attorney for Plaintiff

DATED: 10-31-18

BERT L. BIRMINGHAM
Defendant

DATED: 10-31-18

LORETTA L. BIRMINGHAM
Defendant

DATED: 10/31/18

MICHAEL ROONEY
Attorney for Defendants

ORDER

The Court having read and reviewed the foregoing STIPULATION of the parties, and good cause appearing therefor,

IT IS SO ORDERED.

DATED: _____

JUDGE OF THE SUPERIOR COURT

Todd Rothbard
Attorney at Law
100 Saratoga Avenue
Suite 200
Santa Clara, California 95051

4

**EXHIBIT A**