Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, California 94104
Telephone No.: 415-672-5991
Facsimile No.: 415-680-1712
Email: gkleiner@rinconlawllp.com

Counsel for KARI BOWYER,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re

SERGIO ROLDAN
*aka* SERGIO RAFAEL ROLDAN
AND
ADRIANA M BUENAVENTURA
*aka* ADRIANA MARIA LONDONO,

Debtors.

Case No. 17-50794 MEH
Chapter 7

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS OF BANK OF AMERICA (1050 Ortega Circle, Gilroy, California)**

Date: May 2, 2019
Time: 10:30 a.m.
Place: 280 South First Street, Ctrm. 3020
       Hon. M. Elaine Hammond
       San Jose, CA  95113

Kari Bowyer, Chapter 7 Trustee ("Trustee") of the estate of Sergio Roldan and Adriana Buenaventura ("Debtors") files this memorandum of points and authorities in support of her motion for an order authorizing her to sell real property commonly referred to as 1050 Ortega Circle, Gilroy, California ("Property"), free and clear of all liens, claims and interests of Bank of America, N.A. ("Bank"). As set forth in the Trustee's concurrently filed and served sale motion, the Trustee is party to an agreement to sell the Property to Gary R. Schenone and Karen W. Schenone (or their assigns) (collectively, "Buyer") for $590,000, subject to overbid.

/ / /

## I. BACKGROUND

The Debtors filed a Voluntary Petition under Chapter 7 on April 3, 2017 (the "Petition Date"). Soon thereafter, the Trustee was appointed to administer the Debtors' estate. On May 3, 2017, the Trustee filed a no asset report with the Bankruptcy Court. On July 6, 2017, the Bankruptcy Court closed the Debtors' case. On January 3, 2018, the Office of the United States Trustee filed a motion to reopen the Debtors' Case. The Debtors' case was reopened on January 3, 2018 and the Trustee was re-appointed as the Chapter 7 Trustee of the Debtors' case.

The Debtors' case was reopened because the Debtors had failed to include among their scheduled assets their interest in promissory note executed by Burt and Loretta Birmingham (collectively, "Birmingham"), the prior owners of the Property. The Birmingham obligation to the Debtors was secured by a deed of trust encumbering the Property, recorded on March 22, 2007, with the Santa Clara County Recorder's Office, Instrument No. 19352696 ("Roldan DOT"). On the Petition Date, the Bank was the beneficiary of a deed of trust that it recorded against the Property on May 16, 2013, Instrument No. 22222974 ("Bank DOT"), which deed secured a promissory note in the approximate amount of $425,190.00.

At the time that the Debtors' case was reopened the Roldan DOT was the subject of litigation entitled *Bank of America, N.A. v. Sergio Roldan, et al.*, Case No. 17CV313114, pending before the Santa Clara County Superior Court (the "Litigation"). Through the Litigation, the Bank seeks, among other things, to quiet title in the Property by asserting that the Bank DOT against the Property is senior in priority to the Roldan DOT. The Trustee understands that the Bank asserts that the Bank DOT should relate back in time to its 2006 deed of trustee the Bank recorded against the Property ("2006 DOT"). The Bank reconveyed the 2006 DOT to Birmingham *prior* to recording the Bank DOT. The Trustee is informed that at the time the Litigation was commenced, the Bank recorded a *lis pendens* against the Property on July 17, 2017, as Instrument No. 23698959 ("Lis Pendens").

Among other things, the Trustee understands that the Litigation sought to prevent the completion of a non-judicial foreclosure sale of the Roldan DOT. To that end, the Bank sought and obtained a temporary restraining order in December 2017 ("TRO"). On June 8, 2018, Superior Court entered an order dissolving the TRO. On June 15, 2018, a non-judicial foreclosure sale of the

Property was conducted ("Foreclosure"). The Debtors' estate was the successful bidder at the Foreclosure. On September 12, 2018, a Trustee Deed was recorded with the Santa Clara County Recorder's Office, as Instrument No. 24022397 ("Trustee Deed"), vesting title for the Property in the name of the Trustee, solely in capacity as Trustee of the Debtors' estate. The Trustee is in contract the sell the Property to the Buyer. The Trustee seeks to sell the Property free and clear of the Bank DOT, the 2006 DOT, the Lis Pendens and all other liens, claims and interests that the Bank may or could assert against the Property.

## II.  ARGUMENT

Section 363(f)(4) of the Bankruptcy Code authorizes a Trustee to sell property free and clear of liens and interests that are subject to a *bona fide* dispute. 11 U.S.C. § 363(f)(4). Among other things, the Trustee contends that any claim, lien or interest asserted by the Bank is disputed and is not enforceable against the Property because the Bank DOT was recorded after the Roldan DOT and, as a consequence of the Foreclosure, was wiped out and the Bank is now a sold-out junior lienholder. *Bank of Am. v. Graves*, 51 Cal. App. 4th 607, 611-612 (1996) ("The term 'sold-out junior lienor' refers to the situation in which a senior lienholder forecloses its lien, eliminating the junior lienor's security interest. 'A senior foreclosure sale conveys the property free of all junior liens . . . . Thus, the junior no longer has a lien on the property, and the security has been entirely destroyed. A sold-out junior thus holds security that has 'become valueless' and is permitted to sue directly on the note.'" (Bernhardt, Cal. Mortgage and Deed of Trust Practice (Cont.Ed.Bar 2d ed. 1990) § 4.8, pp. 193-194.))  See, Exhibit A, Declaration of Kari Bowyer in Support of Motion for Order Authorizing Sale of Real Property Free and Clear of Liens, Claims and Interests (1050 Ortega Circle, Gilroy, California)("Bowyer Declaration").

To the extent that the Bank asserts that the Bank DOT is otherwise enforceable against the Property by theories, including equitable subrogation, the Trustee submits that the Bankruptcy Code's avoidance powers under 11 U.S.C. § 544 empower her, as a hypothetical judgment creditor, to assert a hypothetical judgment lien in a position superior to the Bank DOT.

In order for a *lis pendens* to be effective, the Bank was required, "prior to the recordation of the notice…" to serve the notice of *lis pendens* by "…certified mail, return receipt requested,

…" on "…all known addresses of the parties to whom the real property claim is adverse and to all owners of record of the real property affected by the real property claim . . . ." C.C.P. § 405.22. Based on information available to the Trustee, the Lis Pendens is void and invalid because the Lis Pendens was served after the Lis Pendens was recorded and was never served on the Trustee. See, Exhibit B, Bowyer Declaration, a copy of the recorded Lis Pendens and the Bank's Certificate of Service.

Failure of the Bank to properly serve the Lis Pendens is fatal. The *lis pendens* "shall be void and invalid as to any adverse party or owner of record unless the requirements of Section 405.22 are met . . . ." Simply put, because the Bank did not, prior to the recordation of the Lis Pendens, serve the Debtors and other interested parties by certified mail, return receipt requested, the Lis Pendens is void and invalid and therefore must be expunged. *Ray v. Rosien*, 238 Cal. App. 4th 845, 855 (2015) *accord Ray Sanchez Investments v. Superior Court of San Bernardino County*, 244 Cal. App. 4th 259, 263-264. (Holding the Debtor's failure to properly serve the *lis pendens* on affected parties rendered the *lis pendens* void and invalid and distinguishing this outcome from *Biddle v. Superior Court*, 215 Cal. Rptr. 848 (1985) (*Biddle* holding that a defendant may waive the right to raise a technical default if it waits for a year to assert the default as part of its justification for expungement.)

Furthermore, to the extent that the Bank DOT and/or the Lis Pendens are determined to be enforceable against the Property, the Trustee estimates that the net proceeds generated from the sale of the Property are sufficient to pay off the Bank's lien in full. Assuming there are no overbids, the Trustee estimates that the net to the Debtor's estate after costs and commissions is equal to approximately $560,000. Bowyer Declaration, ¶ 9. The Trustee is informed that the sums currently owed to the Bank under the note that was once secured by the Bank DOT is approximately $386,000. Bowyer Declaration, ¶ 10. Because the net sale proceeds are adequate to pay off the disputed lien, the Property can be sold free and clear of the disputed lien pursuant to 11 U.S.C. § 363(f)(3). That section provides that the Trustee may sell property free and clear of liens if "such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property." *Id.*

### III. CONCLUSION

The Trustee has demonstrated that the Bank of America, N.A. lien is in bona fide dispute and the Trustee should be authorized to sell the Property free and clear of the disputed lien pursuant to 11 U.S.C. § 363(f)(4). Alternatively, the Trustee has demonstrated that there will be adequate sale proceeds to pay off the disputed lien should the Court ultimately conclude that the lien attached to the Property and is an obligation of the Debtor's estate. 11 U.S.C. § 363(f)(3).

The Trustee prays for an order: (i) authorizing her to sell the Property free and clear of any and all liens, claims or interests of the Bank, including, but not limited to the Bank DOT and the Lis Pendens, with the sale order to provide that any liens, claims or interests of the Bank to attach to the sale proceeds generated from the Property with the same right and priority that existed, if any, prior sale of the Property; (ii) authorizing the Trustee and representatives of the Bank to try to resolve their dispute with regard to the Bank's disputed liens within 60 days after the sale of the Property closes (or such additional time as the parties mutually agree); and (iii) requiring the Trustee to initiate an adversary proceeding in the Bankruptcy Court to determine the extent, validity and priority, if any, of the Bank's disputed claims if the parties are unable to resolve their dispute.

DATED: April 3, 2019          RINCON LAW LLP


By: */s/ Gregg S. Kleiner*
GREGG S. KLEINER
Counsel for KARI BOWYER,
Trustee in Bankruptcy