Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, California 94104
Telephone No.: 415-672-5991
Facsimile No.: 415-680-1712
Email: gkleiner@rinconlawllp.com

Counsel for KARI BOWYER,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re

SERGIO ROLDAN
*aka* SERGIO RAFAEL ROLDAN
AND
ADRIANA M BUENAVENTURA
*aka* ADRIANA MARIA LONDONO,

Debtors.

Case No. 17-50794 MEH
Chapter 7

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS OF ROSSI, HAMERSLOUGH, REISCHL & CHUCK**
**(1050 Ortega Circle, Gilroy, California)**

Date: May 2, 2019
Time: 10:30 a.m.
Place: 280 South First Street, Ctrm. 3020
Hon. M. Elaine Hammond
San Jose, CA 95113

Kari Bowyer, Chapter 7 Trustee ("Trustee") of the estate of Sergio Roldan and Adriana Buenaventura ("Debtors") files this memorandum of points and authorities in support of her motion for an order authorizing her to sell real property commonly referred to as 1050 Ortega Circle, Gilroy, California ("Property"), free and clear of all liens, claims and interests of Rossi, Hamerslough, Reischl & Chuck ("RHRC"). As set forth in the Trustee's concurrently filed and served sale motion, the Trustee is party to an agreement to sell the Property to Gary R. Schenone and Karen W. Schenone (or their assigns) for $590,000, subject to overbid.

## I. BACKGROUND

The Debtors filed a Voluntary Petition under Chapter 7 on April 3, 2017 (the "Petition Date"). Soon thereafter, the Trustee was appointed to administer the Debtors' estate. On May 3, 2017, the Trustee filed a no asset report with the Bankruptcy Court. On July 6, 2017, the Bankruptcy Court closed the Debtors' case. On January 3, 2018, the Office of the United States Trustee filed a motion to reopen the Debtors' Case. The Debtors' case was reopened on January 3, 2018 and the Trustee was re-appointed as the Chapter 7 Trustee of the Debtors' case.

The Debtors' case was reopened because the Debtors had failed to include among their scheduled assets their interest in promissory note executed by Burt and Loretta Birmingham (collectively, "Birmingham"), the prior owners of the Property. The Birmingham obligation to the Debtors was secured by a deed of trust encumbering the Property, recorded on March 22, 2007, with the Santa Clara County Recorder's Office, Instrument No. 19352696 ("Roldan DOT").

On June 15, 2018, a non-judicial foreclosure sale of the Property was conducted ("Foreclosure"). The Debtors' estate was the successful bidder at the Foreclosure. On September 12, 2018, a Trustee Deed was recorded with the Santa Clara County Recorder's Office, vesting title for the Property in the name of the Trustee, solely in her capacity as Trustee of the Debtors' estate.

Prior to the Debtors' case being reopened, the Debtors were represented in the Litigation by the law offices of Rossi, Hamerslough, Reischl & Chuck ("RHRC"). The Trustee is informed and believes that prior to the Petition Date, the note and the Roldan DOT were subject to contentious state court litigation, which ultimately validated the ability of the Debtors to enforce the Roldan DOT ("DOT Litigation"). As a result of the DOT Litigation, RHRC, which asserts an attorney's lien relative to the DOT Litigation and the Litigation, was awarded a judgment for fees and costs on November 3, 2016 in the amount of $69,317.39 ("RHRC Judgment"). The RHRC Judgment accrues interest at 10% per annum.

As of the date that the Debtors' case was reopened, RHRC asserts that its fees and costs exceed $100,000. The Trustee and RHRC are unable to agree on the amount of RHRC's secured claim ("RHRC Claim"). RHRC asserts that its rights are superior to any rights of the Trustee, are secured by the Roldan DOT, and are enforceable irrespective of the outcome of quiet title Litigation.

The Trustee disputes these assertions by RHRC.

The Trustee submits that the RHRC Claim and RHRC Judgment are in bona fide dispute and that the Trustee may sell the Property free and clear of any and all of RHRC''s liens, claims and interests in the Property. The Trustee is hopeful she will resolve these disputes prior to the May 2, 2019 sale hearing.

## II. ARGUMENT

Section 363(f)(4) of the Bankruptcy Code authorizes a Trustee to sell property free and clear of liens and interests that are subject to a *bona fide* dispute. 11 U.S.C. § 363(f)(4). Among other things, the Trustee contends that she has not received a complete accounting from RHRC with regard to the RHRC Claim and RHRC Judgment and it is not possible to know which portions of its claim and/or judgment are entitled to secured status. Declaration of Kari Bowyer in Support of Motion for Order Authorizing Sale of Real Property Free and Clear of Liens, Claims and Interests (1050 Ortega Circle, Gilroy, California)("Bowyer Declaration"), ¶6.

To the extent that the RHRC Claim and RHRC Judgment are determined to be enforceable against the Property, the Trustee estimates that the net proceeds generated from the sale of the Property are sufficient to pay off the RHRC Claim and RHRC Judgment in full. Assuming there are no overbids, the Trustee conservatively estimates that the net to the Debtor's estate after costs and commissions is equal to approximately $560,000. Bowyer Declaration, ¶ 9. The Trustee is informed that the current sums allegedly owed to Bank of America under its disputed claim are approximately $386,000. Bowyer Declaration, ¶ 10. The Trustee is informed that the sums allegedly owed to RHRC total approximately $120,000. Bowyer Declaration, ¶ 11. Because the net sale proceeds are adequate to pay off the disputed claims, the Property can be sold free and clear of the disputed lien pursuant to 11 U.S.C. § 363(f)(3). That section provides that the Trustee may sell property free and clear of liens if "such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property." *Id.*

## III. CONCLUSION

The Trustee has demonstrated that the RHRC Claim and RHRC Judgment are bona fide dispute and the Trustee should be authorized to sell the Property free and clear of the disputed claims

pursuant to 11 U.S.C. § 363(f)(4). Alternatively, the Trustee has demonstrated that there will be adequate sale proceeds to pay off the disputed claims should the Court ultimately conclude that the lien attached to the Property and is an obligation of the Debtor's estate. 11 U.S.C. § 363(f)(3).

The Trustee prays for an order: (i) authorizing her to sell the Property free and clear of any and all liens, claims or interests of RHRC, including, but not limited to the RHRC Claim and RHRC Judgment, with the sale order to provide that any liens, claims or interests of RHRC to attach to the sale proceeds generated from the Property with the same right and priority that existed, if any, prior sale of the Property; (ii) authorizing the Trustee and representatives of RHRC to try to resolve their dispute with regard to the RHRC Claim and RHRC Judgment within 60 days after the sale of the Property closes (or such additional time as the parties mutually agree); and (iii) requiring the Trustee to initiate an adversary proceeding in the Bankruptcy Court to determine the extent, validity and priority, if any, of RHRC's disputed claims if the parties are unable to resolve their dispute.

DATED: April 3, 2019         RINCON LAW LLP

By: /s/ Gregg S. Kleiner
    GREGG S. KLEINER
    Counsel for KARI BOWYER,
    Trustee in Bankruptcy