```
                                    Entered on Docket
                                    May 02, 2019
                                    EDWARD J. EMMONS, CLERK
                                    U.S. BANKRUPTCY COURT
                                    NORTHERN DISTRICT OF CALIFORNIA
```



Gregg S. Kleiner (SBN 141311)
RINCON LAW LLP
268 Bush St., Ste. 3335
San Francisco, CA 94104
Tel. 415-672-5991
Fax. 415-680-1712
gkleiner@rinconlawllp.com

Counsel for
KARI BOWYER,
Trustee in Bankruptcy

The following constitutes the order of the Court.
Signed: May 2, 2019

_____
**M. Elaine Hammond**
**U.S. Bankruptcy Judge**

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

In re

SERGIO ROLDAN
*aka* SERGIO RAFAEL ROLDAN
AND
ADRIANA M BUENAVENTURA
*aka* ADRIANA MARIA LONDONO,

Debtors.

Case No. 17-50794 MEH
Chapter 7

**ORDER AUTHORIZING TRUSTEE TO:
(I) ENTER INTO PURCHASE AND SALE AGREEMENT FOR REAL PROPERTY, SUBJECT TO OVERBID;
(II) PAY FEES, COSTS, TAXES AND COMMISSIONS; AND (III) SELL REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS ASSERTED BY BANK OF AMERICA; AND ROSSI HAMERSLOUGH, ET AL.
(1050 Ortega Circle, Gilroy, California)**

Date:  May 2, 2019
Time:  10:30 a.m.
Place: 280 South First Street
       Hon. M. Elaine Hammond
       Courtroom 3020
       San Jose, CA 95113

On May 2, 2019, the Court heard the motions filed by Kari Bowyer ("Trustee") seeking authority to: (A)(i) enter into purchase and sale agreement for real property subject to overbid; (ii) pay fees, costs, taxes and commissions (1050 Ortega Circle, Gilroy, California) [Docket 37] ("Sale Motion"); and (B) sell real property free and clear of the liens, claims and interests asserted by Bank of America, N.A. ("Bank") and the law offices of Rossi, Hamerslough, Reischl & Chuck ("RHRC") [Dockets 41 and 43] ("Free and Clear Motions").

The Motions concern the Trustee's proposed sale of 1050 Ortega Circle, Gilroy, California (the "Property"). Gregg S. Kleiner of Rincon Law LLP appeared on behalf of the Trustee. All other appearances are noted on the record. The Bank did not did not file opposition to the Free and Clear Motion. RHRC did not file opposition to the Free and Clear Motion. Based on the foregoing, and findings of fact and conclusions of law orally stated on the record, notice being adequate and proper and other good cause appearing

IT IS HEREBY ORDERED THAT:

1. The Sale Motion is granted in all respects in accordance with the terms set forth in this Order.

2. The Free and Clear Motions are granted in all respects, in accordance with the terms set forth in this Order.

3. The Trustee is authorized enter into the Purchase Agreement attached as Exhibit A to the Declaration of Kari Bowyer, filed on April 3, 2019, Docket No. 37-1 ("Agreement").

4. Without further order of this Court, the Trustee is authorized to:

   a. sell the Property to Gary R. Schenone and Karen W. Schenone (or their assigns) (collectively, "Buyer") for $590,000;

   b. pay from the sale proceeds liens and claims asserted against the Property, *except* any liens, claims or interests that may be asserted by the Bank and/or RHRC, which liens, claims and interests are provided in paragraphs ¶¶ 7 and 8 of this Order;

   c. pay, from the sale proceeds:

      i. a commission equal to 2.5% of the gross sale proceeds ($14,750) to be paid to the estate's broker, Intero Real Estate Services;

      ii. costs of sale typically paid by the seller in this type of transaction; and

      iii. the costs advanced by the agent for the estate's broker in the amount of $3,560.

   d. Negotiate minor changes to the Agreement, including changes to the purchase price and;

  e. Deliver the balance of the sale proceeds to the Trustee.

  5. The Court, having reviewed and considered the Declarations of Gary R. Schenone and Karen W. Schenone in support of good faith purchaser finding [Docket Nos. 39 and 40], the Buyer is approved as a buyer in good faith in accordance with Section 363(m) of the Bankruptcy Code and the Buyer shall be entitled to all of the protections provided to a good faith buyer under 11 U.S.C. § 363(m).

  6. In the event that the Buyer does not timely close the transaction set forth in the Agreement, the Trustee is authorized to sell the Property on substantially the same terms and conditions and at the same or higher price to an alternative purchaser, without further notice, hearing or order of the Court.

  7. The Trustee has demonstrated that (i) that the liens, claims and interest of the Bank, including, but not limited to the Bank DOT, the Litigation and the Lis Pendens, (as those terms are defined in the Free and Clear Motion, Docket 41) are in *bona fide* dispute and (ii) there will be adequate sale proceeds to pay off the Bank's claims should the Court ultimately conclude that the Banks claims are valid and enforceable, attached to the Property, and are an obligation of the Debtors. The Trustee is authorized, pursuant to 11 U.S.C. § 363(f)(3) and 11 U.S.C. § 363(f)(4), to sell the Property, free and clear of the Bank's liens, claims and interest, including, but not limited to the Bank's lis pendens, recorded in the in Santa Clara County Recorder's Office on July 17, 2017, as Instrument No. 23698995. Any liens, claims or interests of the Bank shall attach to the sale proceeds generated from the Property with the same right and priority that existed, if any, prior to the sale of the Property. The Trustee and representatives of the Bank shall have 90 days after the sale of the Property closes (or such additional time as the parties mutually agree), to try to resolve their dispute with regard to the Bank's liens and claims. If the parties are unable to resolve their dispute, the Trustee shall initiate an adversary proceeding in the Bankruptcy Court to determine the extent, validity and priority, if any, of the Bank's liens and claims.

  8. The Trustee has demonstrated that (i) that the liens, claims and interest of RHRC (as those set forth in detail in the Free and Clear Motion, Docket 43) are in *bona fide* dispute and (ii) there will be adequate sale proceeds to pay off RHRC's claims should the Court ultimately conclude

that RHRC's claims are valid and enforceable, attached to the Property, and are an obligation of the Debtors. The Trustee is authorized, pursuant to 11 U.S.C. § 363(f)(3) and 11 U.S.C. § 363(f)(4), to sell the Property, free and clear of RHRC's liens, claims and interest. Any liens, claims or interests of RHRC shall attach to the sale proceeds generated from the Property with the same right and priority that existed, if any, prior to the sale of the Property. The Trustee and representatives of RHRC shall have 90 days after the sale of the Property closes (or such additional time as the parties mutually agree), to try to resolve their dispute with regard to RHRC's liens and claims. If the parties are unable to resolve their dispute, the Trustee shall initiate an adversary proceeding in the Bankruptcy Court to determine the extent, validity and priority, if any, of RHRC's liens and claims.

9. This Order is effective upon entry and the stay otherwise imposed by Rule 62(a) of the Federal Rules of Civil Procedure and/or Bankruptcy Rule 6004(h) shall not apply.

*** END OF ORDER ***

***COURT SERVICE LIST***

No Court service required.