| In re | Case No. 17-50794 MEH |
|---|---|
| | Chapter 7 |
| SERGIO ROLDAN | Hon. M. Elaine Hammond |
| *aka* SERGIO RAFAEL ROLDAN | |
| AND | **NOTICE AND OPPORTUNITY FOR HEARING ON** |
| ADRIANA M BUENAVENTURA | **MOTION TO COMPROMISE CONTROVERSY WITH** |
| *aka* ADRIANA MARIA LONDONO, | **BANK OF AMERICA, N.A.** |
| Debtors. | [No Hearing Requested Unless Requested] |

**TO ALL CREDITORS AND PARTIES IN INTEREST AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

**PLEASE TAKE NOTICE THAT** Kari Bowyer, solely in her capacity as the duly appointed and acting Chapter 7 Trustee ("Trustee") of the bankruptcy estate ("Estate") of Sergio Roldan and Adriana Buenaventura (collectively, the "Debtors") has entered into an "Agreement to Settle Claims Re Disputed Lien" ("Agreement")[1] with Bank of America, N.A. ("Bank") with regard to a disputed lien that the Bank asserts against property of the Debtors' bankruptcy estate. Pursuant to the terms of the Agreement, if approved by the Bankruptcy Court, the Trustee shall pay to the Bank the sum of $369,000 in full and complete settlement of all claims that the Bank has or may have against the estate. The Trustee, herein, request the Court authorize her to enter into the Agreement.

**Background**

The Debtors filed a Voluntary Petition under Chapter 7 on April 3, 2017 (the "Petition Date"). Soon thereafter, the Trustee was appointed to administer the Estate. On May 3, 2017, the Trustee filed a no asset report with the Bankruptcy Court. On July 6, 2017, the Bankruptcy Court closed the Debtors' case. On January 3, 2018, the Office of the United States Trustee filed a motion to reopen the Debtors' Case. The Debtors' case was reopened on January 3, 2018 and the Trustee was re-appointed as the Chapter 7 Trustee of the Debtors' case.

The Debtors' case was reopened because the Debtors had failed to include among their scheduled assets their interest in promissory note executed by Burt and Loretta Birmingham (collectively, "Birmingham"), the former owners of real property commonly referred to as 1050 Ortega Circle, Gilroy, California ("Property"). The Birmingham obligation to the Debtors was secured by a deed of trust encumbering the Property, recorded on March 22, 2007, with the Santa Clara County Recorder's Office, Instrument No. 19352696 ("Roldan DOT"). On the Petition Date, the Bank was the beneficiary of a deed of trust that it recorded against the Property on May 16, 2013, Instrument No. 22222974 ("Bank DOT"), which deed secured a promissory note in the approximate amount of $425,190.00.

At the time that the Debtors' case was reopened the Roldan DOT was the subject of litigation entitled *Bank of America, N.A. v. Sergio Roldan, et al.*, Case No. 17CV313114, pending before the Santa Clara County Superior Court (the "Litigation"). Through the Litigation, the Bank seeks, among other things, to quiet title in the Property by asserting that the Bank DOT against the Property is senior in priority to the Roldan DOT. The Trustee understands that the Bank asserts that the Bank DOT should relate back in time to its 2006 deed of trustee the Bank recorded against the Property ("2006 DOT"). The Bank reconveyed the 2006 DOT to Birmingham prior to recording the Bank DOT. At or near the time the Litigation was commenced, the Bank recorded a lis pendens against the Property ("Lis Pendens").

---

[1] The summary of the Agreement set forth herein is for informational purposes only. In all cases, the terms of the Agreement shall govern and control. A true and correct copy of the Agreement is attached as Exhibit A to the Declaration of Kari Bowyer filed in support of the Motion.

Among other things, the Trustee understands that the Litigation sought to prevent the completion of a non-judicial foreclosure sale of the Roldan DOT. To that end, the Bank sought and obtained a temporary restraining order in December 2017 ("TRO"). On June 8, 2018, Superior Court entered an order dissolving the TRO. On June 15, 2018, a non-judicial foreclosure sale of the Property was conducted ("Foreclosure"). The Estate was the successful bidder at the Foreclosure. On September 12, 2018, a Trustee Deed was recorded with the Santa Clara County Recorder's Office ("Trustee Deed"), vesting title for the Property in the name of the Trustee, solely in capacity as Trustee of the Estate.

On May 2, 2019, following a noticed motion filed by the Trustee, the Bankruptcy Court authorized the sale of the Property free and clear of all liens claims and interests of the Bank, including the 2006 DOT, the Bank DOT, the Litigation, and the Lis Pendens pursuant to 11 U.S.C. § 363(f)(3) and (4). ("Sale Order"). The Sale Order further provides that the Bank's liens and claims against the Property shall reattach to the sale proceeds generated from the Property with the same right and priority that existed, if any, prior to the sale of the Property.

After the sale of the Property closed, counsel for the Bank and Trustee sought to reach a resolution with regard to the Bank's claims against the sale proceeds. The Trustee asserts that the Bank's claims have been extinguished because the Bank is a sold-out junior lien and that the Lis Pendens was not properly recorded and served. The Bank, asserts that, by virtue of the Lis Pendens, and its rights under the theory of subrogation, the Bank would prevail in its claims to hold a senior lien against the Property. *Branscomb v. JPMorgan Chase Bank, N.A*., 223 Cal.App.4th 801, 806, 167 Cal.Rptr.3rd 547 (2014). As of June 27, 2019, the Bank asserts that it is owed approximately $387,000. In order to resolve all disputes between the parties with regard to the Property, the Litigation, the Bank DOT, the 2006 DOT and the Lis Pendens, the parties have entered into the Agreement.

## Settlement

The Agreement provides for the Trustee to deliver the sum of $369,000 to the Bank ("Settlement Proceeds") within 15 days after the Court's approval order becomes final. In exchange for the Settlement Proceeds, the Bank shall withdrawal, for all purposes any and all liens, claims or interests that the Bank, its predecessors, successors or assigns may or could assert against the Debtor, the Property, the Estate, or the Trustee by (i) way of the Litigation, the Bank DOT, the 2006 DOT, the Lis Pendens, and (ii) any other liens, claims or interests that the Bank may or could assert against the Property, the Trustee or the Estate.

## The Agreement Is In The Best Interest Of Creditors And Should Be Approved By The Court

The Trustee believes that the Agreement is in the best interest of the estate and meets the standards of *Martin v. Kane* (*In re A&C Properties*), 784 F.2d 1377, 1381 (9th Cir. 1986); *cert. den. sub nom Martin v. Robinson*, 479 U.S. 854 (1986) ("*A&C*"). The *A&C* decision set out four factors for a court to consider in evaluating a settlement: "(a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises."

The first and third *A&C* factors consider the probability of success and complexity of the litigation. Absent the Agreement, the Trustee would be required to file an adversary proceeding in the Bankruptcy Court to determine the extent, validity, and priority of the Bank's lien. The Trustee believes that if she were compelled to file litigation, it would be relatively complicated. The Trustee does not believe that she is very likely to prevail in this litigation. This is because under applicable California case law, notwithstanding the fact that the Bank reconveyed the 2006 DOT, California law provides for equitable subrogation in circumstances where a party has inadvertently reconveyed a deed of trust. The Bank, seeking to protect its position, commenced the Litigation and recorded the Lis Pendens. This was all done prior to the Debtors' estate owning the Property. Because the bankruptcy estate did not own the Property, it would make it much more difficult for the Trustee to establish that her strongarm powers under 11 U.S.C. § 544 could somehow prime the Bank's position. Under the provisions of the Agreement, the Bank has reduced its secured claim against the Property proceeds by approximately $18,000.

If the Trustee were to commence litigation and not prevail, it is anticipated that the Bank would seek payment of its contractual accrued interest that it was owed under the note. This would greatly increase the sums that the Trustee would be required to pay from the sale proceeds.

The second *A&C* factor concerns difficulty in collection. Because the Settlement Proceeds are being paid by the Trustee to the Bank this is not a factor.

Finally, as to the fourth *A&C* factor, the paramount interests of creditors, the settlement with the Bank will result in the elimination of a disputed lien which, if enforceable, would constitute a lien against the Property in excess of $387,000. The Agreement resolves this disputed lien and claim and, if approved by the Bankruptcy Court, will free up the remaining balance of the proceeds generated from the sale of the Property from the Bank's lien.

## Objections

**PLEASE TAKE FURTHER NOTICE THAT** Local Rule 9014-1 of the United States Bankruptcy Court for the Northern District of California prescribes the procedures to be followed with respect to any objection to the proposed Agreement and proposed payments or any request for hearing thereon.

**Any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within 21 days of mailing the notice;**

**Any objection or request for a hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its position;**

**If there is no timely objection to the requested relief or a request for hearing, the court may enter an order granting the relief by default; and**

**In the event of a timely objection or request for hearing, the initiating party will give at least seven days written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in the case.**

**PLEASE TAKE FURTHER NOTICE THAT** as of January 1, 2005, the United States Bankruptcy Court for the Northern District of California has adopted mandatory electronic filing. If you are not currently qualified to file papers with the Court electronically, you should consult the Court's website (www.canb.uscourts.gov).

DATED:  September 26, 2019          RINCON LAW LLP


By:  */s/Gregg S. Kleiner*
      Gregg S. Kleiner
      Counsel for KARI BOWYER, Trustee in Bankruptcy

Gregg S. Kleiner, STATE Bar No. 141311
RINCON LAW LLP
268 Bush Street, Suite 3335, San Francisco, California 94104
Telephone No.:  415-672-5991 / Facsimile No.:  415-680-1712 / Email: gkleiner@rinconlawllp.com