| | |
|---|---|
| In re<br><br>　　SERGIO ROLDAN<br>　　*aka* SERGIO RAFAEL ROLDAN<br>　　AND<br>　　ADRIANA M BUENAVENTURA<br>　　*aka* ADRIANA MARIA LONDONO,<br><br>　　　　　　Debtors. | Case No. 17-50794 MEH<br>Chapter 7<br>Hon. M. Elaine Hammond<br><br>**NOTICE AND OPPORTUNITY FOR HEARING ON MOTION TO COMPROMISE CONTROVERSY WITH ROSSI, HAMERSLOUGH, ET. AL.**<br><br>[No Hearing Requested Unless Objection Filed] |

**TO ALL CREDITORS AND PARTIES IN INTEREST AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

**PLEASE TAKE NOTICE THAT** Kari Bowyer, solely in her capacity as the duly appointed and acting Chapter 7 Trustee ("Trustee") of the bankruptcy estate ("Estate") of Sergio Roldan and Adriana Buenaventura (collectively, the "Debtors") has entered into an "Agreement to Settle Claims Re Disputed Lien" ("Agreement")[1] with Rossi, Hamerslough, Reischl & Chuck ("RHRC") with regard to a disputed lien that RHRC asserts against property of the Debtors' bankruptcy estate. Pursuant to the terms of the Agreement, if approved by the Bankruptcy Court, the Trustee shall pay to RHRC the sum of $97,500 in full and complete settlement of all claims that RHRC has or may have against the estate. The Trustee seeks authorization to enter into the Agreement.

**Background**

The Debtors filed a Voluntary Petition under Chapter 7 on April 3, 2017 (the "Petition Date"). Soon thereafter, the Trustee was appointed to administer the Estate. On May 3, 2017, the Trustee filed a no asset report with the Bankruptcy Court. On July 6, 2017, the Bankruptcy Court closed the Debtors' case. On January 3, 2018, the Office of the United States Trustee filed a motion to reopen the Debtors' Case. The Debtors' case was reopened because the Debtors had failed to include among their scheduled assets their interest in promissory note executed by Burt and Loretta Birmingham (collectively, "Birmingham"), the former owners of real property commonly referred to as 1050 Ortega Circle, Gilroy, California ("Property"). The Birmingham obligation to the Debtors was secured by a deed of trust encumbering the Property ("Roldan DOT").

On June 15, 2018, a non-judicial foreclosure sale of the Property was conducted ("Foreclosure"). The Debtors' estate was the successful bidder at the Foreclosure. On September 12, 2018, a Trustee Deed was recorded with the Santa Clara County Recorder's Office, vesting title for the Property in the name of the Trustee, solely in her capacity as Trustee of the Debtors' estate. Prior to the Debtors' case being reopened, the Debtors were represented in litigation by RHRC. The Trustee is informed and believes that prior to the Petition Date, the note and the Roldan DOT were subject to contentious state court litigation, which ultimately validated the ability of the Debtors to enforce the Roldan DOT ("DOT Litigation"). As a result of the DOT Litigation, RHRC, which asserts an attorney's lien relative to the DOT Litigation, was awarded a judgment for fees and costs against Birmingham on November 3, 2016 in the amount of $69,317.39 ("Judgment"). RHRC secured the Judgment by recording an abstract of judgment ("Lien"). The Judgment accrues interest at 10% per annum.

---

[1] The summary of the Agreement set forth herein is for informational purposes only. In all cases, the terms of the Agreement shall govern and control. A true and correct copy of the Agreement is attached as Exhibit A to the Declaration of Kari Bowyer filed in support of the Motion.

In May 2019, the Bankruptcy Court authorized the Trustee to sell the Property. The sale was free and clear of the RHRC's Lien and the Judgment. RHRC asserts that its rights are superior to the Property Sale proceeds to any rights of the Trustee. The Trustee disputes these assertions by RHRC.

The sale of the Property closed in late June 2019. Thereafter, the Trustee was able to resolve a disputed lien asserted by Bank of America. The Trustee and RHRC were unable to agree on the amount of RHRC's secured claim ("RHRC Claim") because, among other things, the Lien attached to another property owned by Birmingham (the Middle Property) and in May 2019, Loretta Birmingham ("Loretta") filed a Chapter 13 petition, Case No. 19-50981 SLJ. Loretta' first chapter 13 plan provided that the Middle Property would be sold or refinanced by January 2020. With a sale or refinance, the Lien would be paid off, at least in part, resolving the dispute over the RHRC Claim. The Plan was not confirmed and Loretta proposed another plan that provided for a refinance by October 31, 2020. The court declined to hear amended plan and the case was dismissed on September 20, 2020. Days before the dismissal of Loretta's case, Governor Newsom signed into law an amendment to the Code of Civil Procedure which dramatically increased the homestead exemption that Loretta could assert following the dismissal of her Chapter 13 case from $175,000 to up to $600,000 ("AB1885"). While AB1885 does not become effective until January 1, 2021, its likely impact on the Lien was immediate as it is now extremely unlikely that there is equity in the Middle Property for any meaningful portion of the Lien to attach after taking into consideration senior bank liens at or near $1 million and a homestead exemption of at least $300,000.

The Trustee currently has on hand sale proceed of $199,000 ("Proceeds"). On July 17, 2017, RHRC filed a secured claim against the Debtors' estate in the amount of $88,232, Claim No. 2 ("Claim"). RHRC assert it is owed $110,000 on account of the Judgment.

**Settlement**
The Agreement provides for the Trustee to deliver the sum of $97,500 to RHRC ("Settlement Proceeds"). The order approving the Agreement shall result in the withdrawal, for all purposes of any and all liens, claims, or interest that RHRC, its predecessors, successors or assigns may or could assert against the Property, the Proceeds, Debtor's estate, or the Trustee in any way. Nothing in the Agreement shall alter or impact RHRC's ownership or and right to enforce and purse the Judgment and the Lien against Birmingham.

**The Agreement Is In The Best Interest Of Creditors And Should Be Approved By The Court**
The Trustee believes that the Agreement is in the best interest of the estate and meets the standards of *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986); *cert. den. sub nom Martin v. Robinson*, 479 U.S. 854 (1986) ("*A&C*"). The *A&C* decision set out four factors for a court to consider in evaluating a settlement: "(a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises."

The first and third *A&C* factors consider the probability of success and complexity of the litigation. Absent the Agreement, the Trustee would be required to file an adversary proceeding in the Bankruptcy Court to determine the extent, validity, and priority of RHRC's Lien. The Trustee believes that if she were compelled to file litigation, it would not be complicated. The Trustee does not believe that she is very likely to prevail in litigation. This is because RHRC appears to have a validly perfected Lien that is not subject to avoidance or reduction. Under the provisions of the Agreement, RHRC has reduced its secured claim against the Property proceeds by approximately $12,500. If the Trustee were to commence litigation and not prevail, it is anticipated that RHRC would seek payment of interest at the judgment rate, 10% per annum. This would greatly increase the sums that the Trustee would be required to pay from the Proceeds.

The second *A&C* factor concerns difficulty in collection. Because the Settlement Proceeds are being paid by the Trustee to RHRC this is not a factor.

Finally, as to the fourth *A&C* factor, the paramount interests of creditors, the settlement with RHRC will result in the elimination of a disputed Lien at a reduced payoff. The Agreement resolves this disputed Lien and claim and, if approved by the Bankruptcy Court, will free up the remaining balance of the Proceeds generated from the sale of the Property.

**PLEASE TAKE FURTHER NOTICE THAT** Local Rule 9014-1 of the United States Bankruptcy Court for the Northern District of California prescribes the procedures to be followed with respect to any objection to the proposed Agreement and proposed payments or any request for hearing thereon.

**Any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within 21 days of mailing the notice;**

**Any objection or request for a hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its position;**

**If there is no timely objection to the requested relief or a request for hearing, the court may enter an order granting the relief by default; and**

**In the event of a timely objection or request for hearing, the initiating party will give at least seven days written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in the case.**

**PLEASE TAKE FURTHER NOTICE THAT** due to the shelter in place requirements caused by the COVID-19 pandemic, all Court appearances will be by telephone, or, in the Court's sole discretion, by video conference. Instructions on how to file with the United States Bankruptcy Court and how to appear by phone are provided at:
https://www.canb.uscourts.gov/content/page/court-operations-during-covid-19-outbreak
as further detailed in the Court's Fourth Amended General Order 38:
https://www.canb.uscourts.gov/sites/default/files/general-orders/FourthAmendedGO38_1.pdf

**PLEASE TAKE FURTHER NOTICE THAT** as of January 1, 2005, the United States Bankruptcy Court for the Northern District of California has adopted mandatory electronic filing. If you are not currently qualified to file papers with the Court electronically, you should consult the Court's website (www.canb.uscourts.gov).

DATED: October 5, 2020          RINCON LAW LLP


By: */s/ Gregg S. Kleiner*
    Counsel for KARI BOWYER, Trustee in Bankruptcy

Gregg S. Kleiner, STATE Bar No. 141311
RINCON LAW LLP
268 Bush Street, Suite 3335, San Francisco, California 94104
Telephone No.: 415-672-5991 / Facsimile No.: 415-680-1712 / Email: gkleiner@rinconlawllp.com